# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Marquel Carlos White,

              Petitioner,     Case No. 17-cv-13567

v.                                     Judith E. Levy
                                      United States District Judge

S.L. Burt,

                                      Mag. Judge Patricia T. Morris

            Respondent.

_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR LEAVE TO APPEAL *IN FORMA PAUPERIS*

Marquel Carlos White ("Petitioner"), incarcerated at the Muskegon Correctional Facility in Muskegon, Michigan, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his convictions for carjacking, Mich. Comp. Laws § 750.529a; armed robbery, Mich. Comp. Laws § 750.529; receiving and concealing stolen property, Mich. Comp. Laws § 750.535(7); and felony-firearm, Mich. Comp. Laws § 750.227b. For the reasons stated below, the petition for writ of habeas corpus is **DENIED**.

## I. Factual Background

Petitioner was convicted following a jury trial in the Wayne County Circuit Court, in which he was tried jointly with co-defendant Antonio Carlos Hubbard. This Court recites verbatim the relevant facts relied on by the Michigan Court of Appeals, which are presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1). *See Wagner v. Smith,* 581 F.3d 410, 413 (6th Cir. 2009):

> This case arises from multiple criminal acts that occurred throughout Detroit, Michigan, over the course of two days. First, two men armed with a pistol carjacked a victim in northwest Detroit, taking her Chrysler Sebring as well as her cellular phone. Another car was stolen on the eastside of Detroit shortly thereafter. Subsequently, a third carjacking was attempted, which appeared to be related to the other two incidents. Police officers later observed both stolen vehicles at a Detroit apartment complex, and defendant was seen with both cars. Police arrested defendant and another suspect soon afterward.
>
> The next evening, the victim of the first carjacking and cell phone robbery participated in a live lineup at the Detroit Detention Center. She positively identified defendant as the man who held a gun to her head while taking her Sebring, but she also identified two other "fillers" [1] as being possibilities for the second suspect.

---

[1] As a police officer explained at trial, "fillers" are individuals placed in a lineup who are not suspects in the case. (Footnote original).

> On June 20, 2014, defendant's trial counsel filed a motion to compel discovery of evidence related to the victim's identification of defendant in the live lineup. In the alternative, defendant requested the exclusion of the victim's identification of defendant in the live lineup and her identification of him at the preliminary examination, arguing that the evidence was tainted because the lineup was unduly suggestive. The trial court scheduled a hearing on defendant's motion on July 18, 2014, during which witnesses were to testify regarding the lineup, but defense counsel failed to appear at the scheduled hearing. Due to counsel's absence, the trial court dismissed the motion. Defense counsel subsequently refiled the motion, but the trial court did not receive notice of his intent to refile early enough to reschedule a hearing on August 1, 2014, as the defense had requested.
>
> On August 4, 2014, the first day of the jury trial, the trial court refused to consider defendant's refiled motion, stating that it would have been unable to hold a hearing on the motion on August 1 due to the lack of notice and concluding that it would not have an opportunity to rule on the pretrial motion before the trial began. However, it also noted that identification is always an issue at trial. The jury convicted defendant on all charges.

*People v. White*, No. 323465, 2016 WL 370033, at * 1 (Mich. Ct. App. Jan. 26, 2016).

Petitioner's conviction was affirmed on appeal. *Id., lv. den.* 500 Mich. 887, 886 N.W.2d 639 (2016).

Petitioner seeks a writ of habeas corpus on the following ground:

3

Defendant-Appellant is entitled to a new trial where he was denied the effective assistance of counsel. [2]

## II. Standard of Review

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

---

[2] Due to the brevity of the petition for writ of habeas corpus, this Court will incorporate the arguments raised in petitioner's state appellate court brief which the respondent has provided as part of the Rule 5 materials. (Dkt. # 9-7, Pg ID 536-555). *See, e.g.*, *Burns v. Lafler,* 328 F. Supp. 2d 711, 717, n. 2. (E.D. Mich. 2004).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

"[A] federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett,* 559 U.S. 766, 773 (2010) ((quoting *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7 (1997); *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (*per curiam*)). "[A] state court's determination that a claim

lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Therefore, in order to obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his or her claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103. A habeas petitioner should be denied relief as long as it is within the "realm of possibility" that fairminded jurists could find the state court decision to be reasonable. *See Woods v. Etherton,* 136 S. Ct. 1149, 1152 (2016).

## III. Analysis

Petitioner argues he was denied the effective assistance of trial counsel because his attorney failed to appear at a pre-trial suppression hearing, causing the judge to dismiss petitioner's motion to suppress the carjacking victim's identification as being the result of a suggestive pre-trial identification procedure.

A defendant is required to satisfy a two-prong test to establish the denial of the effective assistance of counsel. First, the defendant must

6

show that counsel's performance was so deficient that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The defendant must overcome a strong presumption that counsel's behavior was within the wide range of reasonable professional assistance. *Id.* Stated differently, the defendant must overcome the presumption that, under the circumstances, the challenged action might be sound trial strategy. *Strickland,* 466 U.S. at 689.

Second, the defendant must show that such performance prejudiced his or her defense. *Id.* To demonstrate prejudice, the defendant must establish that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694. *Strickland* places the burden on the defendant who raises a claim of ineffective assistance of counsel, and not the state, to show a reasonable probability that the result of the proceeding would have been different, but for counsel's allegedly deficient performance. *See Wong v. Belmontes,* 558 U.S. 15, 27 (2009).

On habeas review, "the question 'is not whether a federal court believes the state court's determination' under the *Strickland* standard

7

'was incorrect but whether that determination was unreasonable-a substantially higher threshold.'" *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009) (quoting *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)). "The pivotal question is whether the state court's application of the *Strickland* standard was unreasonable. This is different from asking whether defense counsel's performance fell below *Strickland's* standard." *Harrington v. Richter*, 562 U.S. at 101.

Indeed, "because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard." *Knowles,* 556 U.S. at 123 (citing *Yarborough v. Alvarado*, 541 U.S. at 664). Pursuant to the § 2254(d)(1) standard, a "doubly deferential judicial review" applies to a *Strickland* claim brought by a habeas petitioner. *Id.* This means that on habeas review of a state court conviction, "[A] state court must be granted a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself." *Harrington*, 562 U.S. at 101. "Surmounting *Strickland's* high bar is never an easy task." *Id.* at 105 (quoting *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010)).

Initially, the Court must determine whether petitioner's pre-trial suppression hearing was a critical stage of the criminal proceedings. The United States Supreme Court has clearly established that the complete denial of counsel during a critical stage of a judicial proceeding mandates a presumption of prejudice. *United States v. Cronic*, 466 U.S. 648, 659 (1984). The existence of certain structural defects in a trial, such as the deprivation of the right to counsel, requires automatic reversal of the conviction because it infects the entire trial process. *Brecht v. Abrahamson*, 507 U.S. 619, 629-30 (1993). The Supreme Court has routinely found constitutional error without any specific showing of prejudice to a defendant when counsel is either totally absent, or prevented from assisting the accused during a critical stage of the proceedings. *Cronic*, 466 U.S. at 659, n.25; *United States v. Minsky*, 963 F. 2d 870, 874 (6th Cir. 1992).

The Sixth Circuit has acknowledged that the "case law available suggests that the pithy definitions we have do not simply capture the sometimes permissive or inclusive conclusions by the Supreme Court and our court that this or that period, moment, or event in the course of a criminal proceeding is a critical stage." *Hereford v. Warren*, 536 F.3d

523, 529 (6th Cir. 2008) (quoting *Van v. Jones,* 475 F. 3d 292, 312 (6th Cir. 2007)). The Sixth Circuit indicated:

> We identified a list of the Supreme Court's various labels to include steps: (1) that hold "significant consequences for the accused," *Bell v. Cone*, 535 U.S. 685, 695-96 (2002); (2) where "[a]vailable defenses may be irretrievably lost, if not then and there asserted," *Hamilton v. Alabama*, 368 U.S. 52, 54 (1961); (3) where "rights are preserved or lost," *White v. Maryland*, 373 U.S. 59, 60 (1963) (per curiam); when counsel's presence is "necessary to mount a meaningful defense," *United States v. Wade*, 388 U.S. 218, 225 (1967); and (5) where "potential substantial prejudice to defendant's rights inheres in the ... confrontation and [where] counsel [can] help avoid that prejudice," *Coleman v. Alabama*, 399 U.S. 1, 9 (1970) (internal quotation marks omitted). Drawing upon that precedent, we formulated a working definition of a critical stage. We found the common thread in these decisions to be the likelihood "that significant consequences might have resulted from the absence of counsel at the stage of the criminal proceedings." *Van*, 475 F. 3d at 312-13.

*Hereford v. Warren*, 536 F.3d at 529–30.

Petitioner is not entitled to habeas relief on his claim that he was denied counsel at a critical stage of the proceedings due to his attorney's absence from the suppression hearing. Although two federal circuit courts have determined that a suppression hearing is a critical stage of the proceedings, for Sixth Amendment purposes, *See United States v.*

*Hamilton,* 391 F. 3d 1066, 1070 (9th Cir. 2004); *Henderson v. Frank*, 155 F. 3d 159, 166 (3rd Cir. 1998), the United States Supreme Court has yet to hold that a suppression hearing is a critical stage of the criminal proceedings, such that counsel's absence from the hearing would require an automatic reversal of a defendant's conviction.

Petitioner is not entitled to habeas relief on his claim that he was denied the assistance of counsel at a critical stage of the proceedings, because "no Supreme Court precedent has directly addressed the issue of whether the denial of counsel at a hearing on a motion to suppress is a 'complete denial of counsel' at a 'critical stage' of a criminal proceeding for the purposes of the Sixth Amendment." *Gomez v. Thaler*, 526 F. App'x 355, 359 (5th Cir. 2013). Although the Third and Ninth Circuits have ruled that a suppression hearing is a critical stage of the proceedings, circuit court precedent does not constitute "clearly established Federal law, as determined by the Supreme Court" and thus "cannot form the basis for habeas relief under [the] AEDPA." *Parker v. Matthews,* 567 U.S. 37, 48-49 (2012).

Moreover, unlike the defendants in the *Hamilton* and *Henderson* cases, the trial court did not conduct the suppression hearing without

counsel for the defense being present. The Court did not conduct the hearing at all, and dismissed the motion. Petitioner's case is more analogous to a situation in which a defense attorney simply failed to file a motion to suppress. The Supreme Court has held that "the failure to file a suppression motion does not constitute *per* se ineffective assistance of counsel." *Kimmelman v. Morrison*, 477 U.S. 365, 384 (1986). Indeed, in *Kimmelman,* the Supreme Court employed the *Strickland* standard in evaluating the claim that trial counsel had been ineffective for failing to file a suppression motion. *Id.,* at 381-91. Petitioner would thus be required to satisfy the *Strickland* actual prejudice standard to prevail on his claim.

The Michigan Court of Appeals agreed with petitioner that his counsel had been deficient for failing to appear at the motion hearing or to inform the trial court ahead of time of that he would be absent from the hearing because of medical issues. *People v. White*, 2016 WL 370033, at * 5. However, the Michigan Court of Appeals ruled that petitioner failed to show that he was prejudiced by counsel's failure to appear at the suppression hearing:

> However, defendant has failed to establish that he was prejudiced by defense counsel's deficient performance.

> Although he asserts that the result of the proceeding would have been different *if* the trial court had suppressed the victim's identification of defendant, he expressly states in his brief on appeal that he "is not suggesting what the lower court's ruling would have been." Likewise, defendant provides no argument on appeal regarding the unduly suggestive nature of the live lineup, or otherwise demonstrating that the trial court would, or should, have granted his motion to suppress. By merely asserting that the outcome of his trial would have been different *if* the identification evidence had been suppressed, without showing-or even arguing-that the trial court would have granted his motion, defendant has not demonstrated the requisite prejudice. Additionally, although he also argues that this Court now does not have the opportunity to review a decision on the motion and determine whether the lineup identification evidence was properly admitted, this claim similarly fails to establish that there is a reasonable probability that the outcome of the proceeding would have been different but for defense counsel's absence.

*People v. White*, 2016 WL 370033, at * 5 (internal citation and footnote omitted) (emphasis in original).

In a footnote, the Michigan Court of Appeals further concluded that based on the allegations raised by petitioner in the pre-trial motion to suppress that had been filed on his behalf by counsel, he failed to show that the lineup had been unduly suggestive:

> [i]n reviewing defendant's motion to suppress in the lower court, it appears that defendant was primarily arguing that the lineup was unduly suggestive because (1) multiple

13

> suspects were placed in the same array, (2) one or more police officers allegedly told the victim that the perpetrator of the carjacking was in the lineup, and (3) defendant was singled out because he was only 5′ 6″ while the rest of the fillers were 5′ 10″ or taller. Even if defendant had addressed these arguments on appeal, he still would not have established, in light of the relevant Michigan caselaw, that there is a reasonable probability that the outcome of the proceeding would have been different but for defense counsel's absence.

*People v. White*, 2016 WL 370033, at *5, n.5 (internal citations omitted).

Petitioner has presented no evidence, either to this Court or to the Michigan Court of Appeals, to establish that the lineup was unduly suggestive. Conclusory allegations by a habeas petitioner, without any evidentiary support, do not provide a basis for habeas relief. *See, e.g., Washington v. Renico,* 455 F. 3d 722, 733 (6th Cir. 2006) (bald assertions and conclusory allegations do not provide sufficient ground to warrant requiring an evidentiary hearing in a habeas proceeding); *Workman v. Bell*, 160 F.3d 276, 287 (6th Cir. 1998) (conclusory allegations of ineffective assistance of appellate counsel do not warrant habeas relief). Petitioner's conclusory allegation that he was prejudiced by trial counsel's failure to appear for the suppression hearing is insufficient to demonstrate that petitioner was actually prejudiced, so as to entitle

petitioner to habeas relief on his ineffective assistance of counsel claim. *See Cross v. Stovall*, 238 F. App'x 32, 39-40 (6th Cir. 2007).

The challenges made by petitioner's trial counsel to the lineup were insufficient to establish that the lineup was unduly suggestive. The fact that petitioner and his co-defendant were both placed in the same lineup would not make the lineup unduly suggestive. "The fact that the line-up contained more than one perpetrator does not render the identification improper." *Johnson v. Warren*, 344 F. Supp. 2d 1081, 1090 (E.D. Mich. 2004) (internal citation omitted).

Likewise, the mere fact that the victim may have known that a suspect was in the line-up does not render the line-up unduly suggestive. *See Jamison v. Collins*, 100 F. Supp. 2d 647, 745 (S.D. Ohio 2000), *aff'd*, 291 F.3d 380 (6th Cir. 2002). Finally, the four inch discrepancy between petitioner's height and the height of the other lineup participants would also not render the lineup unduly suggestive. The Sixth Circuit has noted that "a height differential, standing alone, is usually not enough to make a lineup procedure suggestive." *Howard v. Bouchard*, 405 F.3d 459, 471 (6th Cir. 2005) (discrepancy in height between defendant and other suspects in lineup did not render lineup impermissibly suggestive, even

15

if defendant was three inches taller than others). Petitioner has not identified any other factors that would lead this Court to believe that the lineup was suggestive.

In light of the fact that petitioner has failed to show that the lineup procedure was unduly suggestive, he has failed to show that his lawyer was ineffective for what amounted to failing to move for suppression of the pre-trial identification. *See Perkins v. McKee,* 411 F. App'x 822, 833 (6th Cir. 2011).

Finally, although trial counsel failed to appear at the suppression hearing, counsel did cross-examine the victim, Guita Demonbreun, and the officer in charge of the case, Sergeant Robert Wellman, about problems with the victim's pre-trial identification. (*See* Tr/ 8/4/14, pp. 155-62, Tr. 8/5/14, pp. 58-61). Counsel specifically elicited testimony from both witnesses that the victim identified two other men as possible suspects at the lineup.

Petitioner failed to show that that improper police conduct rendered the victim's identification unreliable, thus, his attorney's decision to challenge the identification through cross-examination instead of through a pre-trial motion to suppress was not unreasonable, let alone

16

prejudicial. *See Pittao v. Hoffner*, 722 F. App'x 474, 479 (6th Cir. 2018). Petitioner is not entitled to relief on his claim.

## IV. Conclusion

The petition for writ of habeas corpus is denied with prejudice.

The Court denies a certificate of appealability. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel,* 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254; *See also Strayhorn v. Booker,* 718 F. Supp. 2d 846, 875 (E.D. Mich. 2010).

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because he failed to make a substantial showing of the denial of a federal constitutional right. The Court will also deny petitioner leave to appeal *in forma pauperis*, because the appeal would be frivolous. *See Allen v. Stovall,* 156 F. Supp. 2d 791, 798 (E.D. Mich. 2001).

## V. ORDER

The Court **DENIES WITH PREJUDICE** the Petition for Writ of Habeas Corpus and **DENIES** a Certificate of Appealability.

Petitioner is **DENIED** leave to appeal *in forma pauperis*.

IT IS SO ORDERED.

Dated: July 26, 2018　　　　　　　s/Judith E. Levy
Ann Arbor, Michigan　　　　　　　JUDITH E. LEVY
　　　　　　　　　　　　　　　　United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 26, 2018.

　　　　　　　　　　　　　　　　s/Shawna Burns
　　　　　　　　　　　　　　　　SHAWNA BURNS
　　　　　　　　　　　　　　　　Case Manager